# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| BECKY THATCHER DESIGNS, INC. | Case No. 23-cv-01203-RJJ-SJB |
| Plaintiff, | Hon. Robert J. Jonker |
| v. | Magistrate Judge Sally J. Berens |
| THE HUNTINGTON NATIONAL BANK and DAN GALBRAITH, individually, | |
| Defendant. | |

## JOINT STATUS REPORT FOR RULE 16 SCHEDULING CONFERENCE

Plaintiff Becky Thatcher Designs Inc. and Defendant The Huntington National Bank ("Huntington") provide this Joint Status Report to the Court in accordance with ECF No. 3. Defendant Dan Galbraith already has been dismissed from this action by the "Order Granting Defendants' Motion for Summary Disposition under MCR 2.116(C)(8) as to Plaintiff's Claims against Dan Galbraith," entered by the State of Michigan, Leelanau County Circuit Court on November 3, 2023.

A Rule 16 Scheduling Conference is scheduled for Monday, December 18, 2023, at 10:00 AM, before the Hon. Robert J. Jonker, 699 Federal Building, Grand Rapids, Michigan. Appearing for the parties as counsel will be:

- Becky Thatcher Designs, Inc.: Victor Mastromarco, Jr. and/or Kevin Kelly of The Mastromarco Firm
- Huntington: J. Adam Behrendt and/or Melissa B. Moore of Bodman PLC

1. **Jurisdiction**: The basis for the Court's jurisdiction is: 28 U.S. Code § 1332; Diversity Jurisdiction, as stated in the Notice of Removal. ECF No. 1, PageID.2-3. This case, therefore, does not include pendent state law claims.

2. **Jury or Non−Jury**: This case is to be tried by the Court as a trier of law and fact pursuant in accordance with the "Order Granting Defendants' Motion to Strike Jury Demand," entered by the State of Michigan, Leelanau County Circuit Court, on November 3, 2023.

3. **Judicial Availability**: The parties agree to have a United States Magistrate Judge conduct any discovery or settlement proceedings, but do not agree to have a United States Magistrate Judge conduct any and all further proceedings in the case, including trial, and to order the entry of final judgment.

4. **Statement of the Case**: This case involves fraudulent wire transfers from plaintiff's checking account. Plaintiff Becky Thatcher Designs, Inc. ("BTD") maintained a business checking account ("Account") with Huntington, as successor-in-interest to Chemical Bank.

On September 16, 2022, unknown fraudsters completed two wire transfers from the Account, debiting the amounts of $19,989.52 and $79,217.02 from the Account (collectively, "Wire Transfers"). Plaintiff alleges that Huntington is responsible for these Wire Transfers. To that end, it has alleged claims against Huntington for (1) misappropriation of a trade secret under MCL 445.1902, (2) breach of contract, (3) negligence, and (4) violations of Article 4A of the Uniform Commercial Code.

Huntington denies BTD's claims. According to Huntington's records, the Wire Transfers were authorized through online banking by the authorized signatory Kim Kleinfelter and were not the fault of Huntington.

5. **Joinder of Parties and Amendment of Pleadings**: The parties expect to file all motions for joinder of parties to this action and to file all motions to amend the pleadings by **January 15, 2024**.

4871-6623-4516_2

6.   **Disclosures and Exchanges**:

    (i)    Fed. R. Civ. P. 26(a)(1): The parties agree to serve their initial disclosures by **January 8, 2024**.

    (ii)    Fed. R. Civ. P. 26(a)(2): The parties agree to serve their expert disclosures by **April 15, 2024**.

    (iii)    Fed. R. Civ. P. 26(a)(3): The parties agree to file and serve their pretrial disclosures at least **30 days before the trial date to be set by the Court**.

    (iv)    The parties already have exchanged certain documents in discovery when the case was pending before the State of Michigan, Leelanau County Circuit Court. The parties otherwise are unable to agree on further voluntary production at this time.

    (v)    Initial disclosure of potential lay witnesses: the parties agree to serve their initial disclosure of potential lay witnesses by **February 20, 2024**.

7.   **Discovery**: The parties believe that all discovery proceedings can be completed by **May 20, 2024**. The parties recommend the following discovery plan:

Discovery may be needed on the following subjects: the underlying fraud conducted by unknown third-parties and authorization of the Wire Transfers.

There is no need to conduct discovery in phases.

The presumptive limits for interrogatories (Rule 33(a), 25 single part questions) and depositions (Rule 30(a)(2)(A) (10 depositions per side) and Rule 30(d)(1) (one day of seven hours per witness) do not need to be modified in this case.

8. **Motions**: The parties anticipate that all dispositive motions will be filed by **June 24, 2024**. The parties acknowledge that it is the policy of this Court to prohibit the consideration of non-dispositive discovery motions unless accompanied by a certification that the moving party has made a reasonable and good faith effort to reach agreement with opposing counsel on the matters set forth in the motion.

9. **Alternative Dispute Resolution**: The parties recommend that this case be submitted to the following method(s) of alternative dispute resolution:

The parties already have participated in early facilitative mediation, and the case was not resolved. The parties agree to participate in further voluntary facilitative mediation by **June 24, 2024**.

10. **Length of Trial:** Counsel estimate that the trial will last approximately **2 days**, total, allocated as follows:

1 day for plaintiff's case, 1 day for defendant's case, and 0 days for other parties.

11. **Prospects of Settlement**: The status of settlement negotiations is that the parties have participated in early facilitative mediation and were unable to

resolve the case. The parties agree to participate in further voluntary facilitative mediation later in the case, as set forth above.

**12.** **Electronic Document Filing System**: Counsel are reminded that Local Civil Rule 5.7(a) now requires that attorneys file and serve all documents electronically, by means of the Court's CM/ECF system, unless the attorney has been specifically exempted by the Court for cause or a particular document is not eligible for electronic filing under the rule. The Court expects all counsel to abide by the requirements of this rule. *Pro se* parties (litigants representing themselves without the assistance of a lawyer) must submit their documents to the Clerk on paper, in a form complying with the requirements of the local rules. Counsel opposing a *pro se* party must file documents electronically but serve *pro se* parties with paper documents in the traditional manner.

There are no *pro se* parties involved in this litigation; all parties agree to use the Court's ECF system.

**13.** **Other**: Set forth any special characteristics that may warrant extended discovery, accelerated disposition by motion, or other factors relevant to the case.

The parties do not believe there are any special circumstances in this case or other current factors to bring the Court's attention.

Respectfully and Jointly Submitted,

**THE MASTROMARCO FIRM**

 /s/ *Kevin J. Kelly*
Victor J. Mastromarco, Jr. (P34564)
Kevin J. Kelly (P74546)
1024 N. Michigan Ave.
Saginaw, MI 48602
(989) 752-1414
vmastromarco@mastromarcofirm.com
kkelly@mastromarcofirm.com
*Attorneys for Becky Thatcher Designs, Inc.*

and

**BODMAN PLC**

 /s/ *Melissa Benton Moore*
J. Adam Behrendt (P58607)
Melissa B. Moore (P73018)
Sinéad G. Redmond (P85718)
201 W. Big Beaver Road, Suite 500
Troy, MI 48084
(248) 743-6000
jbehrendt@bodmanlaw.com
mmoore@bodmanlaw.com
sredmond@bodmanlaw.com
*Attorneys for The Huntington National Bank*

Dated: December 7, 2023

4871-6623-4516_2